## AVOIDANCE OF RELEAES UNDER CLAIM FOR PERSONAL INJURIES.

Circuit Court of Summit County.

HARVEY CONRAD v. THE KELLER BRICK COMPANY.*

Decided, October 12, 1907.

*Release—Charge of Fraud in Obtaining—Tender Back a Prerequisite to Suit—Where One Suffering from Personal Injuries has Received Some Compensation—Contracts Voidable for Fraud Distinguished from those Absolutely Void—Pleading in Avoidance—Accord and Satisfaction.*

Under a claim for personal injuries, where a contract of release has been entered into which is not void, but merely voidable for fraud, it is incumbent upon the plaintiff, before asserting the cause of action to which the contract or release is a bar so long as it remains in force, to rid himself of that obstacle by appropriate measures of avoidance, and a tender back of the consideration received is a prerequisite to such avoidance.

*R. M. Smith* and *J. A. H. Myers*, for plaintiff.
*Musser, Kimber & Hoffman* and *Leon B. Bacon*, for defendant.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This is a personal injury damage case wherein judgment on the pleadings was entered for defendant. The answer pleads a written release, by plaintiff, of his alleged cause of action, for a money consideration paid to him. The reply admits that

---

*Affirming *Conrad v. Keller Brick Co.*, 8 N. P.—N. S., —; Circuit Court affirmed by the Supreme Court without report, *Conrad v. Keller Brick Co.*, 80 Ohio State.

plaintiff signed said release and received said money; but avers that the money was paid to him not by defendant but by an insurance company and not for a release of the cause of action asserted in his petition, but by way of insurance benefits to which he was then informed his injury entitled him. He further alleges that he was unable to read said release, but does not allege that he made any effort to have it read to him. Neither does he tender back the money paid him. On this state of the pleadings the court below applied the rule of *Manhattan Life Insurance Co.* v. *Burke,* 69 Ohio St., 294, that a reply alleging a repayment or tender of the amount received is not responsive to the answer and is insufficient in law. True, that case was founded on contract whereas this sounds in tort. But we can not see that this distinction is material. There are undoubtedly cases where the plaintiff is permitted to ignore in his petition the fact of a pretended release of the liability on which he counts, and to withhold repayment of the consideration received therefor. But in Ohio, at least, and with but few exceptions elsewhere, such cases upon analysis are seen to involve contracts that are not merely voidable for fraud, but contracts which are absolutely void, for total failure of consideration, as in *Dayton Insurance Co.* v. *Kelly,* 24 Ohio St., 345; illegality of consideration, as in *Insurance Co.* v. *Hull,* 51 Ohio St., 270; or other like infirmity rendering such agreement invalid, *ab initio.*

Where, however, as in this case the contract of release is not void, but merely·voidable for fraud, it is incumbent upon the plaintiff, before asserting his cause of action, to which the contract of release so long as it remains in force is a bar, to rid himself of that obstacle by appropriate measures for its avoidance. Tender back of the consideration received is in this case a prerequisite to such avoidance. Until such tender is made, the contract of settlement, being voidable merely, can not be treated as a nullity, nor can its terms be contradicted by parol. *Cassilly* v. *Cassilly,* 51 Ohio St., 582.

Judgment affirmed.